WILLIE EDWARDS CLINE v. CARL C. CLINE AND MYRTLE CLINE PATTERSON, EXECUTORS OF ANNIE S. CLINE, DECEASED.

(Filed 12 December 1962.)

**1. Quasi-Contracts § 1—**

Where personal services are rendered by one party to another without an express contract to pay for such services, the law implies a promise to pay fair compensation therefor unless the services are rendered

gratuitously or in discharge of some obligation, and failure to establish the express contract alleged does not defeat recovery on an implied promise to pay.

**2. Executors and Administrators § 24c—**

The relationship of mother-in-law and daughter-in-law does not raise a presumption that personal services rendered by the one to the other were gratuitous.

**3. Same—**

Evidence that a daughter-in-law rendered personal services to her mother-in-law in caring for her in her old age and last illness, that the mother-in-law made repeated statements that she intended to pay or reward her daughter-in-law for such services by testamentary disposition, and that the daughter-in-law expected payment for the services is held sufficient to overrule nonsuit in an action against the estate of the mother-in-law to recover for such services for the three years prior to the mother-in-law's death.

**4. Executors and Administrators §§ 24a, 24d; Husband and Wife § 3—**

The fact that the husband files claim against the estate of his mother for rent and for personal services rendered by his wife to his mother is incompetent in the wife's action to recover for the services rendered by her in the absence of evidence that the wife authorized the husband to file a claim in her behalf or fix the amount owing her for such services. G.S. 52-10.

**5. Executors and Administrators § 24d—**

Decedent lived in the home of her son and his wife. The wife brought action against the estate to recover for personal services rendered decedent during the last three years of her life. Testimony of commissioners who partitioned the land to the son that they recommended that the decedent be given the right to occupy part of the dwelling as her dower *is held* irrelevant in the action to recover for the services, there being no claim for rent or suggestion that decedent was wrongfully in the home.

**6. Same; Damages §§ 2, 15—**

The damages recoverable on an implied contract to pay for personal services rendered decedent is the reasonable market value of such services, without considering the financial condition of the recipient or the value of such services to him, with the burden upon plaintiff to establish by evidence facts furnishing a reasonable basis for the assessment of the damages according to some definite and legal rule, and an instruction merely that the jury should answer the issue of damages in whatever amount the jury should find to be the reasonable value of the services must be held for error.

APPEAL by defendants from *Olive, J.,* June 1962 Civil Term of CABARRUS.

Annie S. Cline (hereafter decedent) died testate. Defendants qualified as executors of her will. As the basis for her cause of action

plaintiff alleged: She rendered personal services to decedent. The services rendered covered a period of several years and continued until decedent's death. The services were rendered pursuant to a contract which provided for "suitable compensation to plaintiff for such labor and services by a provision for plaintiff's benefit in her (Mrs. Cline's) will. . ." The will contained no provision for payment for the services rendered. The services rendered during the three years immediately preceding decedent's death were reasonably worth $10,800. She asked for judgment for this amount.

Defendants denied that plaintiff had rendered services to decedent pursuant to a contract, either express or implied, asserting such services as might have been rendered were gratuitous and so understood to be by plaintiff and decedent.

The court submitted issues which were answered as follows:

"1. Did the defendants' testate, Annie S. Cline, during her lifetime enter into a contract and agreement with the plaintiff, Willie Edwards Cline, as alleged in the complaint?

"ANSWER: YES

"2. If so, did the plaintiff, Willie Edwards Cline, render services to said Annie S. Cline in good faith, relying on said contract and agreement with her, as alleged in the complaint?

"ANSWER: YES

"3. If so, did the defendants' testate, Annie S. Cline, breach said contract as alleged in the complaint?

"ANSWER: YES

"4. What amount, if any, is the plaintiff entitled to recover of the defendants?

"ANSWER: $10,800.00"

*Hartsell, Hartsell & Mills by Williams L. Mills, Jr., for plaintiff appellee.*
*Williams, Willeford & Boger for defendant appellants.*

RODMAN, J.   Defendants assign as error the court's refusal to allow their motion to nonsuit. The evidence was sufficient to permit the jury to find these facts: Plaintiff married Charlie Cline, son of decedent and R. S. Cline, in 1934. R. S. Cline died prior to the marriage. Decedent and Charlie occupied the same home prior to the marriage. It belonged to R. S. Cline at his death. Decedent continued to live in the home with plaintiff and her husband until her death in April 1959. She was then approaching 90, nearly blind, and a diabetic. This condition "started about 1945." She was in need of care and attention for several years prior to her death. Decedent's other children, although

living nearby, did little for her. The burden fell on plaintiff. The nature and extent of the services required and rendered increased as decedent grew older. Decedent "didn't expect anybody to do anything for her without being compensated." Decedent stated "she had it in her will" that plaintiff "would be well paid to take care of her." Plaintiff testified: "Mrs. Cline said she had in her will that I'd be paid at her death. She told me that time and time again." Plaintiff testified to her affection for decedent, but when asked the direct question whether she expected compensation for the services rendered, she answered in the affirmative.

Where there is an express contract to pay for services rendered, the parties are bound by the terms of the contract, both with respect to the time of payment and the manner of computing the sum owing.

Where there is no express contract to pay, the law implies a promise to pay fair compensation for services rendered unless rendered as a gratuity or in discharge of some obligation. *Allen v. Seay,* 248 N.C. 321, 103 S.E. 2d 332; *Twiford v. Waterfield,* 240 N.C. 582, 83 S.E. 2d 548; *Stewart v. Wyrick,* 228 N.C. 429, 45 S.E. 2d 764; *Grady v. Faison,* 224 N.C. 567, 31 S.E. 2d 760; *Landreth v. Morris,* 214 N.C. 619, 200 S.E. 378.

If it be conceded plaintiff has failed to establish an express contract, such failure would not defeat her right to recover the fair value of services rendered under an implied promise to pay. *Allen v. Seay, supra; Thormer v. Mail Order Co.,* 241 N.C. 249, 85 S.E. 2d 140; 58 Am. Jur. 542.

The relationship of mother-in-law and daughter-in-law was not sufficient to raise a presumption that the services were gratuitously rendered and received. *Lindley v. Frazier,* 231 N.C. 44, 55 S.E. 2d 815; *Grady v. Faison, supra.*

Plaintiff does not seek damages for services rendered more than three years prior to decedent's death. Hence the time when payment became due is not material.

The court properly declined to allow the motion for nonsuit.

Plaintiff's husband filed a claim with defendants for rent asserted to be owing to him by his mother. He included in the statement so filed a claim for plaintiff's services for $4,380. Defendants rejected the claim but offered it in evidence to show the services assertedly rendered by plaintiff were not in fact worth the amount claimed by her. The court sustained plaintiff's objection. Defendants offered no evidence to show plaintiff had authorized her husband to file a claim in her behalf or to fix the amount owing to her. An unauthorized act of a husband cannot impair the property rights of his wife. Her earn-

ings are her separate estate. G.S. 52-10; *Beasley v. McLamb*, 247 N.C. 179, 100 S.E. 2d 387; *Coley v. Dalrymple*, 225 N.C. 67, 33 S.E. 2d 477.

There is no dispute about the fact that the building occupied by plaintiff, her husband, and decedent was originally owned by plaintiff's father-in-law. His property was partitioned among his heirs about 1934, prior to plaintiff's marriage. Defendants sought to show by two of the commissioners who made the partition that they recommended that decedent be given the right to occupy part of the dwelling as her dower. The court, on plaintiff's objection, excluded the evidence. Its pertinency is not apparent. Plaintiff was making no claim for rent nor was she suggesting that decedent was wrongfully in the home. If pertinent to the inquiry, the court record would be the source to look to in ascertaining the rights of the parties.

Defendants assign as error the charge on the fourth issue. The court charged: "Now the court instructs you as a matter of law on this fourth issue, if you come to it, that if you are satisfied from the evidence and by its greater weight that plaintiff rendered services to the deceased, Annie S. Cline, and that these services had a reasonable value, then you would answer this issue in whatever amount you are so satisfied—that is, services during the last three years of her life, and that these services had a reasonable value for the last three years of Annie S. Cline's life, then you would answer this issue in whatever amount you are satisfied by the greater weight of the evidence is the reasonable value of those services, not in excess of ten thousand eight hundred dollars."

Defendants concede that plaintiff, if entitled to recover anything, is entitled to the fair market value of the services performed. They insist that plaintiff on this record is not entitled to recover more than nominal damages because of plaintiff's failure to prove the value of the services rendered. Plaintiff offered no evidence specifically directed to the reasonable cost of providing such services, that is, the market value of such services. She insists that the jury could fix the fair value of the services performed as a matter of common knowledge and without any evidence as to the market value or cost of such services. Plaintiff described in some detail the services she performed. She injected insulin as needed. She washed decedent's clothes and bed linen, helped bathe her, cooked for her, and did such other things as needed to make decedent comfortable and happy. The only evidence which in any way touched on the cost of providing such services was the amount paid a practical nurse who helped plaintiff take care of decedent for the last three or four months of her life.

When a plaintiff seeks to recover compensation for an article sold or services rendered, he must allege and prove its value. As said by

*Parker, J.,* in *Lieb v. Mayer,* 244 N.C. 613(616), 94 S.E. 2d 658: "Damages are never presumed. The burden is always upon the complaining party to establish by evidence such facts as will furnish a basis for their assessment, according to some definite and legal rule." The amount to be paid is not the value of the services to the recipient, *Turner v. Furniture Co.,* 217 N.C. 695, 9 S.E. 2d 379, nor should his financial condition be taken into consideration in determining the value of the services performed. *Sawyer v. Weskett,* 201 N.C. 500, 160 S.E. 575. Many factors serve to fix the market value of an article offered for sale. Supply, demand, and quality (which is synonymous with skill when the thing sold is personal services) are prime factors. The jury, when called upon to fix the value, must base its decision on evidence relating to the value of the thing sold. Without some evidence to establish that fact, it cannot answer. To do so would be to speculate. *Lieb v. Mayer, supra; Clark v. Emerson,* 245 N.C. 387, 95 S.E. 2d 880; *Berry v. Lumber Co.,* 183 N.C. 384, 111 S.E. 707; *Winch v. Warner,* 174 N.Y.S. 819; *Dakoff v. National Bank of Commerce,* 254 S.W. 2d 550; *Bianco v. Floatex, Inc.,* 144 A 2d 310; *Wysowatcky v. Lyon,* 328 P 2d 576. The failure of the court to properly instruct the jury with respect to the fourth issue requires a

New trial.