DAVID HARRELL, T/A HARRELL SAND AND SEPTIC COMPANY v. W. B. LLOYD CONSTRUCTION COMPANY

No. 786DC814

(Filed 5 June 1979)

1. **Quasi Contracts and Restitution § 2.1— construction services—quantum meruit—sufficiency of evidence**

   In plaintiff's action for damages which was based on the theory of *quantum meruit*, the trial court properly denied defendant's motions to dismiss

where plaintiff established the existence of an implied contract for defendant to pay plaintiff for services rendered in the construction of a building, and plaintiff further established that defendant did not pay plaintiff for all services rendered and thereby breached the implied contract.

2. **Quasi Contracts and Restitution § 2.2— quantum meruit—reasonable value of plaintiff's services—damage award improper**

The trial court's award of damages was improper in plaintiff's action based on *quantum meruit* because it was not supported by competent evidence of the reasonable value of plaintiff's services but was based entirely on plaintiff's statement of what it was charging for the services.

APPEAL by defendant from *Long, Judge.* Judgment entered 1 June 1978 in District Court, HERTFORD County. Heard in the Court of Appeals 23 May 1979.

This is a civil action for damages on the theory of *quantum meruit.* Defendant corporation was contractor for construction of the mental health building in Hertford County. Plaintiff, a partnership, alleged in its complaint and defendant admitted in its answer that in the construction of the above described building, plaintiff rendered services to defendant by use of a backhoe, hauling, tractor work, delivery of sand, and bulldozer. Plaintiff's services were rendered during a period from 10 September 1976 up through and including 4 March 1977. The total amount allegedly billed to defendant for plaintiff's services was $4,574.50. Defendant remitted a payment of $1,000 and plaintiff sues for the alleged balance of $3,574.50.

At the close of plaintiff's evidence at trial in district court, without a jury, defendant moved for an involuntary dismissal of plaintiff's claim. N.C. Gen. Stat. 1A-1, Rule 41(b). This motion was overruled. Defendant rested without offering any evidence and renewed the motion for involuntary dismissal. Again, this motion was denied.

The trial judge entered judgment for plaintiff and awarded the requested amount of $3,574.50 as damages. From entry of this judgment, defendant appeals.

*Cherry, Cherry and Flythe, by Larry S. Overton and Thomas L. Cherry, for plaintiff appellee.*

*Smith, Anderson, Blount & Mitchell, by James G. Billings and James K. Dorsett III, for defendant appellant.*

MARTIN (Harry C.), Judge.

We conclude plaintiff's action is one in *quantum meruit.* Plaintiff did not allege an express contract, nor was evidence of an express contract offered. *Quantum meruit* is an equitable principle that allows recovery for services based upon an implied contract. The law implies a promise to pay for services rendered by one party to another where the recipient knowingly and voluntarily accepts the services and there is no showing that the services were gratuitously given. *Johnson v. Sanders,* 260 N.C. 291, 132 S.E. 2d 582 (1963).

[1] Defendant contends the trial court erred in denying its motion to dismiss. Plaintiff established the existence of an implied contract for defendant to pay plaintiff for services rendered. Plaintiff further established that defendant did not pay plaintiff for all services rendered and thereby breached the implied contract. Defendant accepted plaintiff's work and paid plaintiff $1,000, contending it was payment in full. However, plaintiff's evidence indicated additional work was performed after this payment. Where plaintiff establishes an implied contract and its breach, plaintiff is entitled at least to nominal damages. *Builders Supply v. Midyette,* 274 N.C. 264, 162 S.E. 2d 507 (1968); *Gales v. Smith,* 249 N.C. 263, 106 S.E. 2d 164 (1958). Therefore, the trial court's denial of defendant's motions to dismiss was proper.

[2] Defendant contends the trial court's award of damages was error because plaintiff's exhibit A (ledger sheets showing an account of work plaintiff contends it performed) was erroneously admitted and relied upon by the court. We hold the trial court's award of damages was improper because it is not supported by competent evidence of the reasonable value of plaintiff's services. Plaintiff must allege and prove that the services were rendered and accepted, and the value thereof. *Helicopter Corp. v. Realty Co.,* 263 N.C. 139, 139 S.E. 2d 362 (1964). The measure of damages under an implied contract is the reasonable value of the services accepted and appropriated by the defendant. *Turner v. Furniture Co.,* 217 N.C. 695, 9 S.E. 2d 379 (1940); *Forbes v. Pillmon,* 22 N.C. App. 69, 205 S.E. 2d 600 (1974).

> The general rule is that when there is no agreement as to the amount of compensation to be paid for services, the person performing them is entitled to recover what they are

reasonably worth, based on the time and labor expended, skill, knowledge and experience involved, and other attendant circumstances, rather than on the use to be made of the result or the benefit to the person for whom the services are rendered. [Citations omitted.]

*Turner v. Furniture Co., supra* at 697, 9 S.E. 2d at 380.

"Damages are never presumed. The burden is always upon the complaining party to establish by evidence such facts as will furnish a basis for their assessment, according to some definite and legal rule." The amount to be paid is not the value of the services to the recipient, [citation omitted] nor should his financial condition be taken into consideration in determining the value of the services performed. [Citation omitted.] Many factors serve to fix the market value of an article offered for sale. Supply, demand, and quality (which is synonymous with skill when the thing sold is personal services) are prime factors. The jury [here the trial judge], when called upon to fix the value, must base its decision on evidence relating to the value of the thing sold. Without some evidence to establish that fact, it cannot answer. To do so would be to speculate. [Citations omitted.]

*Cline v. Cline*, 258 N.C. 295, 300, 128 S.E. 2d 401, 404 (1962); *Burns v. Burns*, 4 N.C. App. 426, 167 S.E. 2d 82 (1969). Plaintiff did not offer evidence as to the reasonable value or market value of its services, but merely stated what it was charging for these services as shown on plaintiff's exhibit A.

New trial.

Judges PARKER and MITCHELL concur.