IRVIN D. BOOE, D/B/A WAUGHTOWN ELECTRIC CO. v. BILLY B. SHADRICK; BOB R. BADGETT; HOUSING PROJECTS, INC.; ELLERBE MANOR APTS., LTD.; WILKES TOWERS, LTD.; SHERATON TOWERS, LTD.; UNITED STATES FIDELITY & GUARANTY INS. CO.; HIGHLAND MORTGAGE CO.

No. 221A87

(Filed 30 June 1988)

1. **Quasi Contracts and Restitution § 2.2— construction dispute—quantum meruit —evidence of damages sufficient**

     There was sufficient evidence to support an award of damages by the jury in a claim for unjust enrichment arising from a construction dispute where plaintiff's bookkeeper's testimony as to what was billed for the materials and labor and the evidence of a payment for a part of it at the billed rate was sufficient for the jury to find the reasonable value to defendants of the remaining goods and services for which bills were submitted but not paid.

2. **Rules of Civil Procedure § 50.5; Appeal and Error § 62.2— construction dispute —request for new trial on issue of unjust enrichment—denied**

     The Supreme Court did not exercise its discretion to order a new trial in a construction dispute after holding that there was sufficient evidence of damages to support a jury award for unjust enrichment where defendants al-

leged that they had not presented evidence of unjust enrichment after the trial court reserved a ruling on their motion for a directed verdict at the close of plaintiff's evidence for fear of making plaintiff's case for him. N.C.G.S. § 1A-1, Rule 50(d).

Justice MEYER dissenting.

Justice MITCHELL joins in this dissenting opinion.

APPEAL by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, reported at 85 N.C. App. 230, 354 S.E. 2d 305 (1987). The Court of Appeals reversed a judgment entered by *Williams (Fred J.), J.,* at the 26 August 1987 Session of Superior Court, GUILFORD County. Heard in the Supreme Court 14 October 1987.

This is an action in which the plaintiff sought damages for breach of three separate contracts. One of the claims was settled before trial. In each of the other claims the plaintiff alleged he was an electrical contractor who had made a verbal contract with the defendants to furnish labor, material and equipment and to install the electrical system in a project for the defendants. One of the projects was known as Wilkes Towers and the other was known as Sheraton Towers. The plaintiff alleged that on each project the agreement was that the work would be done and material furnished on the basis of cost plus ten percent. The plaintiff alleged that he was owed $222,058.73 on the Wilkes Towers project of which $195,514.06 had been paid, leaving a balance due of $26,544.67. The plaintiff alleged that he was owed $362,534.90 for the Sheraton Towers project of which $314,523.00 had been paid, leaving a balance due of $48,011.88. For each claim the plaintiff alleged an alternative claim for unjust enrichment.

The defendants filed an answer and counterclaim in which they alleged that for each of the projects the parties had entered into a contract which the plaintiff had breached by failing to complete to the damage of the defendants. The defendants prayed for damages against the plaintiff.

The plaintiff's evidence showed that the plaintiff and the defendants agreed the plaintiff would furnish the materials and labor and would install the electrical systems on the two projects and would be paid on a cost plus basis. The defendants made payments totaling $195,514.06 for the Wilkes Towers project and

$314,523.02 for the Sheraton Towers project. The work was approximately 95% complete on the two projects when the defendant refused to make further payments. The plaintiff completed each project. The bookkeeper for the plaintiff testified material and labor costs on the Wilkes Towers project totaled $200,020.03 to which the plaintiff added ten percent for overhead making the total $222,058.73 of which the defendants had paid $195,514.06 leaving a balance due of $26,544.67. She testified that on the Sheraton Towers project the labor and material costs were $329,577.19 to which overhead costs of $32,957.71 had been added for a total of $362,534.90. The defendants had paid $314,523.02 of this amount, leaving a balance due of $48,011.88.

The defendants' evidence was that the plaintiff had agreed to do both projects for a fixed amount. The plaintiff had breached the contract by not completing either of the projects causing substantial damage to the defendants.

The court submitted issues to the jury as to whether there was a verbal cost plus contract and whether there was a verbal contract to do the work and furnish the materials for a fixed fee for each project. The jury answered these issues in the negative. The court also submitted issues for each project as to whether the plaintiff had furnished labor and material under such circumstances that the defendant should be required to pay for them. The jury answered these two issues in the affirmative. The jury awarded $26,000.00 in damages for the Wilkes Towers project and $40,500.00 in damages for the Sheraton Towers project.

The court granted the defendants' motion for judgment notwithstanding the verdict pursuant to N.C.G.S. § 1A-1, Rule 50(b)(1) and entered a judgment for the defendants. The plaintiff appealed to the Court of Appeals which reversed the trial court and held that there was sufficient evidence on the claim for unjust enrichment to enter a verdict for the plaintiff. The Court of Appeals held, however, that the plaintiff did not present sufficient evidence to support a judgment for damages and remanded the case for a judgment of nominal damages. Judge Phillips dissented and the plaintiff appealed to this Court.

*William B. Gibson for plaintiff appellant.*

*Brinkley, Walser, McGirt, Miller, Smith and Coles, by Stephen W. Coles, for defendant appellees.*

WEBB, Justice.

[1] No question has been raised on this appeal as to the plaintiff's having introduced sufficient evidence to establish a claim for unjust enrichment against the defendants. The sole question on this appeal is whether there is sufficient evidence to support an award of damages by the jury. We hold there was sufficient evidence and reverse the Court of Appeals.

The Restatement of Restitution § 1 lays down the general principle that "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other." In order to establish a claim for unjust enrichment, a party must have conferred a benefit on the other party. The benefit must not have been conferred officiously, that is it must not be conferred by an interference in the affairs of the other party in a manner that is not justified in the circumstances. The benefit must not be gratuitous and it must be measurable. *See Britt v. Britt*, 320 N.C. 573, 359 S.E. 2d 467 (1987) and E. Allan Farnsworth, *Contracts* § 2.20. In *Wells v. Foreman*, 236 N.C. 351, 72 S.E. 2d 765 (1952), we said that the defendant must have consciously accepted the benefit. A claim of this type is neither in tort nor contract but is described as a claim in quasi contract or a contract implied in law. A quasi contract or a contract implied in law is not a contract. The claim is not based on a promise but is imposed by law to prevent an unjust enrichment. If there is a contract between the parties the contract governs the claim and the law will not imply a contract. *Concrete Co. v. Lumber Co.*, 256 N.C. 709, 124 S.E. 2d 905 (1962). Our cases hold that the measure of damages for unjust enrichment is the reasonable value of the goods and services to the defendant. *Johnson v. Sanders*, 260 N.C. 291, 132 S.E. 2d 582 (1963); *Environmental Landscape Design v. Shields*, 75 N.C. App. 304, 330 S.E. 2d 627 (1985); *Hood v. Faulkner*, 47 N.C. App. 611, 267 S.E. 2d 704 (1980); *Harrell v. Construction Co.*, 41 N.C. App. 593, 255 S.E. 2d 280 (1979), *affirmed*, 300 N.C. 353, 266 S.E. 2d 626 (1980).

The question posed by this appeal is whether there is sufficient evidence to support a finding by the jury that the reasonable value of the goods and services to the defendants for which the plaintiff has not been paid is $26,000.00 for the Wilkes Towers project and $40,500.00 for the Sheraton Towers project. In deter-

mining this question we take into account the finding of the jury that there was not a contract between the parties. This means the plaintiff furnished material and labor to the defendants for a substantial period without a contract and the defendants paid for it. This is some evidence of the value of the goods and labor furnished before the defendants stopped paying. The evidence was undisputed that the plaintiff furnished a substantial quantity of materials and labor after the last payment by the defendants. This was obviously of value. The plaintiff's bookkeeper testified to the total billing to the defendants and to the amount paid and unpaid by the defendants. We hold that her testimony as to what was billed for the materials and labor and the evidence of a payment for a part of it at the billed rate is evidence sufficient for the jury to find the reasonable value to the defendants of the remaining goods and services for which bills were submitted and no payment was made. This case is somewhat analogous to *Environmental Landscape Design v. Shields*, 75 N.C. App. 304, 330 S.E. 2d 627, in which our Court of Appeals held that the plaintiff's bill together with the hourly rate charged by another landscape designer who worked on the job were sufficient to establish the reasonable value of the plaintiff's services. In this case we have the plaintiff's bill and the previous payment to the plaintiff in accordance with the bill.

The Court of Appeals has held that an invoice or bill alone is not sufficient evidence to support a jury award as to the reasonable value of services. *Harrell v. Construction Co.*, 41 N.C. App. 593, 255 S.E. 2d 280. We expressly declined to rule on that question in *Harrell v. Construction*, 300 N.C. 353, 266 S.E. 2d 626. It is not necessary for us to decide this question in this case because there is more evidence than the amount billed to the defendants.

[2] In a cross assignment of error, the defendants ask that if we hold there was sufficient evidence of damages to support the jury award, that we exercise our discretion pursuant to N.C.G.S. § 1A-1, Rule 50(d) and order a new trial on the damage issue. They say that because the court reserved a ruling on their motion for directed verdict made at the close of the plaintiff's evidence, they did not offer evidence of unjust enrichment for fear of making the plaintiff's case for him. The defendants argue they should now be allowed to use this evidence. We do not believe the trial

tactics employed by the defendants is sufficient reason for us to exercise our discretion and order a new trial.

For the reasons stated in this opinion, we reverse the order of the Court of Appeals and remand the case with instructions that it be remanded to superior court for the entry of a judgment in accordance with the verdict of the jury.

Reversed and remanded.

Justice MEYER dissenting.

I cannot agree with the majority that plaintiff offered sufficient evidence of the reasonable value of the services for which he sought to hold defendants accountable on a *quantum meruit* theory.

> "Damages are never presumed. The burden is always upon the complaining party to establish by evidence such facts as will furnish a basis for their assessment, according to some definite and legal rule." [*Lieb v. Mayer*, 244 N.C. 613, 616, 94 S.E. 2d 658, 660 (1956).] The amount to be paid is not the value of the services to the recipient, nor should his financial condition be taken into consideration in determining the value of the services performed. Many factors serve to fix the market value of an article offered for sale. Supply, demand, and quality (which is synonymous with skill when the thing sold is personal services) are prime factors. The jury, when called upon to fix the value, must base its decision on evidence relating to the value of the thing sold. Without some evidence to establish that fact, it cannot answer. To do so would be to speculate.

*Cline v. Cline*, 258 N.C. 295, 300, 128 S.E. 2d 401, 404 (1962) (citations omitted). Plaintiff's evidence as to the value of the services performed for defendants was, quite simply, paltry. The majority concludes that the "substantial quantity of materials and labor" furnished to defendants after their last payment to plaintiff "was obviously of value." I do not quarrel with this conclusion. However, it is the value of those materials and labor, not merely their quantity, for which plaintiff must produce some evidence, as a basis for the jury's award. This he signally failed to do.

It is not sufficient, as the majority holds, to introduce a totalled bill together with evidence from plaintiff's bookkeeper as to the amounts paid and unpaid by defendants. The fact that defendants have paid invoices in the past is no evidence at all of the value of services rendered and materials furnished at a later time. Plaintiff must do more than merely allege an amount and its reasonableness. If he makes no effort to compare his figures of value in terms of the type of work done or the number of hours worked, or to correlate the value of his work and materials furnished to any community or industry standard, then he has failed to carry his burden and the evidence is inadequate to support more than an award of nominal damages. The record is devoid of documentation to support the figures plaintiff claims. The business records which allegedly formed the basis for the bookkeeper's testimony were not introduced at trial. There is no evidence concerning the plans and specifications which plaintiff's workers followed, nor is there evidence of the number of hours they worked or at what wage. The invoices for materials that plaintiff sent to defendants were not introduced at trial. In short, the underlying documentary evidence necessary to assist the jury in making a reasoned valuation of the goods and services for which plaintiff claimed was never introduced.

Plaintiff's evidence here consisted of a brief description of the work performed, the amounts he claims defendants owe him and opinions that the quality of his work is good. Once the jury had decided to award damages to plaintiff, it had nothing but an assumption—that the labor and materials for which defendants had not paid were of the same relative value as those for which they *had* paid—on which to base its award. This is pure speculation. *Cline v. Cline*, 258 N.C. 295, 128 S.E. 2d 401. Because plaintiff failed to introduce sufficient evidence to support the sums he claimed, he is entitled to no more than nominal damages. I would vote to affirm the Court of Appeals.

Justice MITCHELL joins in this dissenting opinion.