Lucas v. Hopper, 2026 NCBC 39.

STATE OF NORTH CAROLINA

ROCKINGHAM COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24CVS000502-780

ANDREW LUCAS, SHANNON
LUCAS, and SDB PARTNERS OF
EDEN, LLC,

Plaintiffs,

v.

HAROLD HOPPER, LINDA
HOPPER, TYLER HOPPER, and LH
SERVICE, INC.,

Defendants.

**AMENDED SECOND ORDER AND
OPINION ON DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT**

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment ("Motion," ECF No. 67) with regard to Plaintiffs' claim for unjust enrichment. The Court, having considered the Motion, the parties' briefs and exhibits submitted in support of and in opposition to the motion, the arguments of counsel, the applicable law, and all other appropriate matters of record, **CONCLUDES** that the Motion as to the unjust enrichment claim should be **GRANTED in part** and **DENIED in part**.

> *Fitzgerald Hanna & Sullivan, PLLC, by Andrew Fitzgerald, Stuart Punger, Jr., and Douglas W. Hanna, for Plaintiffs Andrew Lucas, Shannon Lucas, and SDB Partners of Eden, LLC.*
>
> *Carruthers & Roth, P.A., by Rachel S. Decker and Kevin A. Rust, for Defendants Harold Hopper, Linda Hopper, Tyler Hopper, and LH Service, Inc.*

Davis, Judge.

## INTRODUCTION

1. On 14 January 2026, the Court issued an Order and Opinion ("14 January Opinion") granting Defendants' Motion for Summary Judgment as to nine of the ten claims asserted by Plaintiffs in this action. *Lucas v. Hopper*, 2026 NCBC LEXIS 4 (N.C. Super. Ct. Jan. 14, 2026). With regard to the remaining claim for unjust enrichment, the Court determined that Plaintiffs had raised a triable issue on that claim but deferred ruling so that the parties could submit supplemental briefs on the issue of who the proper parties would be as to that claim. Having received the parties' supplemental briefs, the Court now revisits this issue.

## FACTUAL AND PROCEDURAL BACKGROUND

2. "The Court does not make findings of fact on motions for summary judgment; rather, the Court summarizes material facts it considers to be uncontested." *McGuire v. Lord Corp.*, 2021 NCBC LEXIS 4, at *1–2 (N.C. Super. Ct. Jan. 19, 2021) (cleaned up).

3. The Court sets forth herein only those portions of the factual background of this case relevant to its determination of the Motion with regard to the unjust enrichment claim. A more detailed recitation of the factual and procedural background of this matter can be found in the 14 January Opinion.

4. Plaintiff Andrew Lucas ("Andrew") started working for the MillerCoors company at a facility located in Eden, North Carolina (the "Eden Facility") in or around 2008 as a plant environmental engineer. (Dep. of Andrew Lucas ["A. Lucas Dep."] 11:20–12:3, ECF No. 78.2.)

5. LH Service, Inc. ("LH Service") is a North Carolina corporation that was incorporated in 2006. (Dep. of Linda Hopper ["L. Hopper Dep."] 9:21–10:7, ECF No. 43.3.) LH Service has been solely owned by Defendant Linda Hopper ("Linda") since its inception. (L. Hopper Dep. 9:18–20.)

6. In or around 2016, Defendant Harold Hopper ("Harold"), who is Linda's husband, began serving as LH Service's manager. (30(b)(6) Dep. of LH Service, Inc. ["LH Service Dep."] 8:19–9:11, ECF No. 78.3.) In 2022, his son, Defendant Tyler Hopper ("Tyler"), began taking over this role. (LH Service Dep. 9:8–11.)

7. Harold had been performing maintenance and facilities work for MillerCoors for twenty-five years, and LH Service began providing maintenance services for MillerCoors at the Eden Facility around 2014. (Dep. of Harold Hopper ["H. Hopper Dep."] 29:21–24, 31:12–21, ECF No. 43.2.)

8. Around August 2016, MillerCoors announced the closure of its Eden Facility. (Dep. of Michael J. Lozano ["Lozano Dep."] 9:3–12, ECF No. 78.1.) Andrew was approached about working on some environmental projects during the closure, and Andrew, in turn, approached Harold about working together on these projects for MillerCoors. (Aff. of Andrew Lucas ["Lucas Aff."] ¶ 7, ECF No. 77; Lozano Dep. 62:7–11; H. Hopper Dep. 46:12–24.)

9. Between 2016 and 2023, Andrew worked on a number of projects at the Eden Facility. (Lucas Aff. ¶¶ 21–22.) These projects took place pursuant to a facilities maintenance contract that LH Service had entered into with MillerCoors prior to the Eden Facility's closure. (H. Hopper Dep. 29:21–30:4.) Harold described

this contract as a "legacy" contract that was acquired by each of the subsequent owners of the Eden Facility between 2016 and 2023. (H. Hopper Dep. 28:14–21.) In addition, one or more of the projects arose as a result of work orders or subcontracts issued to LH Service by general contractors at the Eden Facility. (LH Service Dep. 11:19–22.)

10. It was agreed that in exchange for his work on these projects Andrew would be paid a portion of the profits received by LH Service under the contract at issue. (H. Hopper Dep. 74:13–22, 103:22–104:6; A. Lucas Dep. 30:3–8, 161:17–162:6.)

11. At Harold's suggestion, Andrew and his wife, Plaintiff Shannon Lucas ("Shannon"), formed a company called SDB Partners of Eden, LLC ("SDB") that would receive LH Service's payments for Andrew's work on these projects. SDB would then disburse those sums to Andrew. (Dep. of Thomas Mabe ["Mabe Dep."] 26:14–17, ECF No. 78.4; A. Lucas Dep. 31:1–6.)

12. Conceptually, all of the projects that form the basis for the present lawsuit proceeded in the same fashion. As noted above, each of the projects existed as a result of a contract that LH Service had either with the then-owner of the Eden Facility or with a general contractor working for the owner. The work on the project would then be performed by Harold and Andrew (with assistance, as necessary, from workers either employed by LH Service or hired by LH Service as independent contractors). Following the project's completion, payment for all work on the project would be received by LH Service. LH Service would then pay SDB a portion of the profits earmarked for Andrew, and SDB would, in turn, distribute those profits to Andrew.

13. Beginning in or around 2021 (and continuing through the end of the parties' business relationship), LH Service began maintaining a reserve of cash for expense payments, resulting in a slowing of profits disbursements. (Lucas Aff. ¶¶ 99–100.) Harold began paying SDB advance profit payments until he and Andrew could "settle up" on final profit splits. (H. Hopper Dep. 318:12–25; Lucas Aff. ¶¶ 101, 115.)

14. In early October 2023, Andrew and Harold met to discuss financial issues. During this meeting, Harold admitted that he owed Andrew money and said he was planning to "settle up" once there were sufficient funds to do so. (H. Hopper Dep. 337:20–338:3.) At this meeting, Harold agreed to make the rest of the payments he owed Andrew by the end of 2023. (Lucas Aff. ¶ 130.)

15. On 18 October 2023, Harold convened a meeting with Andrew during which he informed Andrew that he was terminating his business relationship with Andrew. He then directed Andrew to call the attorney representing the Hoppers to work out an agreement. (H. Hopper Dep. 347:25–348:12; Dep. of Tyler Hopper ["T. Hopper Dep."] 86:13–25, ECF No. 78.9; Lucas Aff. ¶ 132.)

16. Thereafter, Andrew was stripped of his access to Quickbooks and his LH Service email account. (T. Hopper Dep. 88:2–11; Lucas Aff. ¶ 137.) The next day, Andrew and Shannon jointly sent an email to Harold and Linda seeking an opportunity to discuss the status of their business relationship and requesting that they "honor our original partnership agreement[.]" (Exhibit 67, ECF No. 77.67.) Harold and Linda did not respond to the email. (Lucas Aff. ¶ 136.)

17. Nine days later, Harold had a meeting with Rose Satterfield, his accountant, during which he told her that he still owed Andrew money. (H. Hopper Dep. 353:5–25.) However, no further payments have been made to Andrew.

18. This lawsuit was initiated on 15 March 2024 in Rockingham County Superior Court by Andrew, Shannon, and SDB as Plaintiffs against Harold, Linda, Tyler, and LH Service as Defendants. The Complaint contained claims against all Defendants for (1) declaratory judgment; (2) breach of partnership agreement; (3) breach of fiduciary duty; (4) constructive fraud; (5) conversion; (6) dissolution, accounting and appointment of a receiver; (7) breach of joint venture agreement; (8) breach of fiduciary duty involving the joint venture; (9) fraud; and (10) unjust enrichment. (*See* Compl. ¶¶ 140–262, ECF No. 3.)

19. This case was designated as a complex business case and assigned to the Honorable Julianna Theall Earp on 18 March 2024. (ECF Nos. 1–2.) The case was reassigned to the undersigned on 4 June 2025. (ECF No. 90.)

20. Defendants filed their Motion for Summary Judgment on 3 March 2025 seeking summary judgment as to all of Plaintiffs' claims. (ECF No. 67.)

21. A hearing on the Motion was held on 5 August 2025 at which all parties were represented by counsel. (ECF No. 92.)

22. In its 14 January Opinion, the Court granted summary judgment in favor of Defendants on the first nine claims asserted by Plaintiffs and on Defendants' counterclaim for declaratory judgment. *Lucas*, 2026 NCBC LEXIS 4, at *30, 34. However, after explaining that a triable issue of fact existed with regard to Plaintiffs'

unjust enrichment claim, the Court deferred ruling on that portion of the Motion pending further briefing by the parties on who the appropriate parties would be for such a claim. *Id.* at *38.

23. The Court subsequently received supplemental briefing from the parties on this issue. (ECF Nos. 99–102.)

24. Therefore, the final remaining issue with regard to Defendants' Motion is now ripe for disposition.

## LEGAL STANDARD

25. It is well established that "[s]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Morrell v. Hardin Creek, Inc.*, 371 N.C. 672, 680 (2018) (quoting N.C. R. Civ. P. 56(c)). "[A] genuine issue is one which can be maintained by substantial evidence." *Kessing v. Nat'l Mortg. Corp.*, 278 N.C. 523, 534 (1971). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and means more than a scintilla or a permissible inference." *Daughtridge v. Tanager Land, LLC*, 373 N.C. 182, 187 (2019) (citation and internal quotes omitted).

26. On a motion for summary judgment, "[t]he evidence must be considered 'in a light most favorable to the non-moving party.'" *McCutchen v. McCutchen*, 360 N.C. 280, 286 (2006) (quoting *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470 (2004)). "[T]he party moving for summary judgment ultimately has the burden of establishing

the lack of any triable issue of fact." *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491 (1985).

27. The party moving for summary judgment may satisfy its burden by proving that "an essential element of the opposing party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense, . . . or by showing through discovery that the opposing party cannot produce evidence to support an essential element of [the] claim[.]" *Dobson v. Harris*, 352 N.C. 77, 83 (2000) (citations omitted). "If the moving party satisfies its burden of proof, then the burden shifts to the non-moving party to 'set forth specific facts showing that there is a genuine issue for trial.'" *Lowe v. Bradford*, 305 N.C. 366, 369–70 (1982) (quoting N.C. R. Civ. P. 56(e)) (emphasis omitted). If the nonmoving party does not satisfy its burden, then "summary judgment, if appropriate, shall be entered against [the nonmovant]." *United Cmty. Bank (Ga.) v. Wolfe*, 369 N.C. 555, 558 (2017) (quoting N.C. R. Civ. P. 56(e)).

## ANALYSIS

28. In its 14 January Opinion, the Court stated the following regarding Plaintiffs' unjust enrichment claim:

> . . . 'In North Carolina, to recover on a claim of unjust enrichment, Plaintiff must prove: (1) that it conferred a benefit on another party; (2) that the other party consciously accepted the benefit; and (3) that the benefit was not conferred gratuitously or by an interference in the affairs of the other party.' *Islet Scis., Inc. v. Brighthaven Ventures, LLC*, 2017 NCBC LEXIS 4, at *16 (N.C. Super. Ct. Jan. 12, 2017) (citing *Se. Shelter Corp. v. BTU, Inc.*, 154 N.C. App. 321, 330 (2002)). 'The general rule of unjust enrichment is that where services are rendered and expenditures made by one party to or for the benefit of another, without an express contract to pay, the law will imply a promise to pay a fair

compensation therefor.' *Atl. Coast Line R.R. Co. v. State Highway Comm'n*, 268 N.C. 92, 95–96 (1966). However, '[i]f there is a contract between the parties[,] the contract governs the claim and the law will not imply a contract.' *Booe v. Shadrick*, 322 N.C. 567, 570 (1988)." *Higgins v. Synergy Coverage Sols., LLC*, 2020 NCBC LEXIS 6, at *23 (N.C. Super. Ct. Jan. 15, 2020).

. . .

Taken in the light most favorable to Plaintiffs, the evidence in the present case shows that (1) Andrew worked on a number of projects between 2016 and 2023 for LH Service in which he was paid a portion of the profits; (2) although at times he received the sums he requested for his work on a particular project, beginning in or around 2021 he did not receive all of the amounts he was owed; (3) Harold assured Andrew that they would "settle up" at a later date; (4) during a meeting with [Andrew] in October 2023, Harold confirmed his intentions to "settle up" with Andrew by the end of 2023; and (5) Andrew has never received any money from Defendants since those representations were made.

Moreover, Harold admitted in his deposition that he still owes money to Andrew. (H. Hopper Dep. 353:5–9.)

. . .

Although the Court therefore concludes that the unjust enrichment claim raises a triable issue, it is presently unclear who the parties to such a claim should be. Although the Complaint purports to assert this claim on behalf of all named Plaintiffs (Andrew, Shannon, and SDB) and against all named Defendants (Harold, Linda, Tyler, and LH Service), neither side has briefed the issue of which of these individuals/entities should be parties to the unjust enrichment claim based on the evidence in the record.

*Lucas*, 2026 NCBC LEXIS 4, at *34–38.

## I. Proper Plaintiff

29. Plaintiffs contend that Andrew is the proper plaintiff for the unjust enrichment claim because he was the one who actually performed the services on the projects at issue. Conversely, Defendants argue that SDB is the only appropriate

plaintiff because Andrew's portions of the profits for these projects were paid to SDB (rather than directly to Andrew).

30. The Court agrees with Plaintiffs. An unjust enrichment claim requires a showing that the plaintiff conferred a benefit on the defendant. *See Booe*, 322 N.C. at 570 ("In order to establish a claim for unjust enrichment, a party must have conferred a benefit on the other party."). Here, Andrew was the only party performing services for the benefit of Defendants.

31. SDB was merely a pass-through entity used to collect and distribute Andrew's profits to him for those services. (Mabe Dep. 26:14–17; A. Lucas Dep. 31:1–6.) SDB never actually performed any services for Defendants or otherwise conferred any benefit on them. *See, e.g.*, *Charles Schwab & Co. v. Marilley,* 2026 NCBC LEXIS 15, at *41 (N.C. Super. Ct. Jan. 23, 2026) (finding that defendant was not the proper party to bring an unjust enrichment counterclaim as defendant did not confer a benefit on plaintiff); *Patriot Performance Materials, Inc. v. Powell*, 2013 NCBC LEXIS 9, at *4–5 (N.C. Super. Ct. Feb. 13, 2013) ("Powell alleges that Henderson wrongly used corporate funds to confer benefits upon Clancy. . . . Thus, it was the corporation, not Powell individually, who conferred a benefit, if any, upon Clancy and it is the corporation that would be the proper party to bring such an action.").

32. Accordingly, Andrew is the only proper plaintiff for the unjust enrichment claim.

## II. Proper Defendant

33. The parties are also not in agreement as to who the appropriate defendant is to the unjust enrichment claim.

34. Defendants contend that the only proper defendant is LH Service because it was the party who actually contracted with the owners (or general contractors) of the Eden Facility for the projects on which Andrew worked.

35. Plaintiffs, however, argue that the proper defendants to this claim are not only LH Service but also Linda and Harold. Specifically, Plaintiffs contend that Linda (as the sole owner of LH Service) agreed to pay Andrew for work performed at the Eden Facility on behalf of LH Service and that all profits received were ultimately distributed to her. Plaintiffs further argue that Harold received an indirect benefit from Andrew's services through his filing of joint tax returns with Linda.

36. The Court concludes that LH Service is the only proper defendant on the unjust enrichment claim. All of the work that Andrew performed took place in furtherance of contracts that LH Service had with either the Eden Facility owners or its general contractors. (H. Hopper Dep. 28:14–21; LH Service Dep. 11:19–22.) As a result, any benefit provided by Andrew was conferred upon LH Service itself. In addition, LH Service is the only defendant who directly received payments from the Eden Facility owners or general contractors for the work done on the projects. (A. Lucas Dep. 106:11–14; LH Service Dep. 34:1–3.)

37. Therefore, the proper defendant to Plaintiffs' unjust enrichment claim is LH Service.

## CERTIFICATION

38. On 14 January 2026, the Court filed its Order and Opinion on Defendants' Motion for Summary Judgment, Defendants' Motion for Judgment on the Pleadings, and Defendants' Motion to Strike the Affidavit of Andrew Lucas (the "14 January Opinion," ECF No. 98), which dismissed all partnership and joint venture claims against Defendants, concluded that the unjust enrichment claim raised a triable issue of fact, and deferred ruling on the proper parties to Plaintiffs' unjust enrichment claim. *See Lucas v. Hopper*, 2026 NCBC LEXIS 4 (N.C. Super. Ct. Jan. 14, 2026).

39. On 27 February 2026, the Court filed its Second Order and Opinion on Defendants' Motion for Summary Judgment (the "27 February Opinion," ECF No. 103), which (for the same reasons set forth above), dismissed the unjust enrichment claim against Defendants Linda Hopper, Harold Hopper, and Tyler Hopper and concluded that the only claim left for trial was the unjust enrichment claim brought by Andrew Lucas against LH Service, Inc. *See Lucas v. Hopper*, 2026 NCBC LEXIS 50 (N.C. Super. Ct. Feb. 27, 2026). At the time the 27 February Opinion was filed, the Court did not certify its ruling dismissing Plaintiffs' unjust enrichment claim against Defendants Linda Hopper, Harold Hopper, and Tyler Hopper as a final judgment under Rule 54(b).

40. On 13 March 2026, Plaintiffs filed a Motion for Reconsideration of Orders Entered at ECF No. 98 and ECF No. 103, (ECF No. 108), which the Court subsequently denied. (ECF No. 114.)

41. On 16 March 2026, Plaintiffs filed a Motion for Entry of Final Judgment under Rule 54(b) as to One or More but Fewer Than All of the Claims (the "Motion for Final Judgment," ECF No. 110), seeking the Court's certification for immediate appeal of the 27 February Opinion as a final judgment and the entry of a stay as to any remaining proceedings before the Court while such an appeal is pending. Plaintiffs contend that proceeding to trial on the unjust enrichment claim "would be a waste of judicial resources" and "poses a risk of inconsistent verdicts." (Mem. Supp. Pls.' Mot. Entry Final J. Under Rule 54(b) 3, ECF No. 111.) Defendants do not oppose Plaintiffs' request for certification, provided the Court issues a stay of the trial of the remaining unjust enrichment claim during the pendency of the appeal. (Defs.' Statement Regarding Pls.' Mot. Certify Immediate Appeal, ECF No. 112.)

42. The Court, in the exercise of its discretion under BCR 7.4, elects to enter this Order and Opinion without a hearing.

43. Where, as here, a court order does not "dispose of the entirety of the case," the order is interlocutory and not usually subject to immediate appeal. *See, e.g.*, *Chidnese v. Chidnese*, 210 N.C. App. 299, 302–03 (2011); N.C. R. Civ. P. 54. An interlocutory order may be immediately appealable, however, if the trial court certifies the order as a final judgment under Rule 54(b). *See Doe v. City of Charlotte*, 273 N.C. App. 10, 19–20 (2020).

44. Rule 54(b) states in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is

no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes.

N.C. R. Civ. P. 54(b).

45. Rule 54(b) further provides that "any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Id.* Rule 54(b) thus permits a trial court to certify an interlocutory order as a final judgment subject to immediate appeal by amending the court's previous order when the trial court concludes that there is no just reason to delay the appeal of the court's rulings. *See Doe*, 273 N.C. App. at 20 (noting that to permit an immediate appeal, "the trial court simply could amend the initial order by entering a new order with the same substantive language as the initial order but with the additional Rule 54(b) certification language added" (cleaned up)).

46. Our appellate courts have affirmed a trial court's finding of no just reason for delay of an appeal in various fact-specific circumstances, including where "the claims that were dismissed and those that remain are factually and legally intertwined and pertain to essentially the same conduct such that proceeding to trial could produce verdicts inconsistent with verdicts which may later result from trial of one or more of the claims which were dismissed." *Kinesis Adver., Inc. v. Hill*, 187 N.C. App. 1, 8 (2007) (cleaned up).

47. No just reason for delay has also been found where immediate appeal would "promote judicial economy" when numerous claims are involved. *See Richardson v.*

*Bank of Am., N.A.*, 182 N.C. App. 531, 538 (2007). Certification is left to the discretion of the trial court and the court's decision is given "great deference." *See, e.g., Hoke Cnty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277 (2009) ("We generally accord great deference to a trial court's certification that there is no just reason to delay the appeal."); *see generally* G. Gray Wilson, *North Carolina Civil Procedure*, Ch. 54, § 54-3.

48.     After considering the Motion for Final Judgment, the related briefs, the record in this case, and the applicable law, the Court concludes that it should amend the 27 February Opinion to include a certification of its dismissal of Plaintiffs' claim for unjust enrichment against Defendants Linda Hopper, Harold Hopper, and Tyler Hopper as a final judgment subject to immediate appellate review.

49.     The remaining unjust enrichment claim against LH Service, Inc. and the dismissed claims are legally intertwined and arise from the same facts and circumstances surrounding the parties' working relationship at the Eden Facility. *See Kinesis Adver., Inc.*, 187 N.C. App. at 9 (finding the claims were "factually and legally intertwined" where they were based on the same alleged conduct). In particular, Plaintiffs' claim for unjust enrichment was pled in the alternative to the partnership and joint venture claims and stems from a series of projects that the parties worked on at the Eden Facility. Thus, proceeding to trial on Andrew Lucas's remaining unjust enrichment claim against LH Service, Inc. before resolution of an appeal of (1) the dismissal of the partnership claims and joint venture claims, and (2) the dismissal of the unjust enrichment claim against Defendants Linda Hopper,

Harold Hopper, and Tyler Hopper, would potentially result in two trials involving identical facts, albeit on different legal theories, with the risk of different juries reaching inconsistent verdicts on the same disputed facts.

50. As such, the Court concludes that Plaintiffs have a substantial right to have these same disputed facts determined by the same jury and that, as a result, there is no just reason to delay an appeal of the dismissal of the unjust enrichment claim against Defendants Linda Hopper, Harold Hopper, and Tyler Hopper. *See, e.g.*, *Shearon Farms Townhome Owners Ass'n II v. Shearon Farms Dev., LLC*, 272 N.C. App. 643, 647 (2020) ("[W]hen the same fact is determinative of the same issue in multiple claims, there is a substantial right to have those factual issues determined by the same jury to avoid the risk that two juries decide that fact differently, leading to two judgments from the same initial lawsuit with incompatible outcomes."). Based on the above, the Court further concludes that it would be inefficient and potentially wasteful for the parties and the Court to proceed to trial at this time on Andrew Lucas's remaining unjust enrichment claim against LH Service, Inc. prior to the resolution of an appeal of (1) the dismissal of the partnership claims and joint venture claims, and (2) the dismissal of the unjust enrichment claim against Defendants Linda Hopper, Harold Hopper, and Tyler Hopper.

51. For each of these reasons, the Court therefore concludes that there is no just reason to delay an appeal of the Court's dismissal of Plaintiffs' unjust enrichment claim against Defendants Linda Hopper, Harold Hopper, and Tyler Hopper and that

the Court should therefore certify its ruling dismissing those claims herein as a final judgment as to those matters under Rule 54(b).

## CONCLUSION

**THEREFORE**, with regard to the unjust enrichment claim, **IT IS ORDERED** as follows:

1. Summary judgment is **DENIED** as to Defendant LH Service, Inc. on the unjust enrichment claim.

2. Summary judgment is **GRANTED** in favor of all remaining Defendants on the unjust enrichment claim.

3. Any claims for unjust enrichment asserted by Plaintiffs Shannon Lucas and SDB Partners of Eden, LLC are **DISMISSED** with prejudice.

4. The only claim remaining for trial is the unjust enrichment claim by Plaintiff Andrew Lucas against Defendant LH Service, Inc.

5. For the reasons set forth above, the Court, in the exercise of its discretion, hereby **CERTIFIES** its rulings herein granting Defendants' Motion for Summary Judgment with respect to Defendants Linda Hopper, Harold Hopper, and Tyler Hopper on Plaintiffs' unjust enrichment claim as a final judgment as to those matters under Rule 54(b).

**SO ORDERED**, this the 23rd day of April, 2026.

/s/ Mark A. Davis
Mark A. Davis
Special Superior Court Judge
for Complex Business Cases